AO 91 (Rev. 11/11)  Criminal Complaint

AUSA: Raj Prasad          Telephone: (313) 226-9100
Special Agent: Zack Ferster   Telephone: (216) 312-0420

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Ronald Gattrell

Case No. 2:22−mj−30299
Assigned To : Unassigned
Assign. Date : 7/7/2022
USA V. GATTRELL (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 6, 2022__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance, including methamphetamine, cocaine and fentanyl. |

This criminal complaint is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.

_Complainant's signature_

Special Agent Zack Ferster DEA
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: July 7, 2022

_Judge's signature_

City and state: Detroit, MI

Hon. Kimberly G. Altman, United States Magistrate Judge
_Printed name and title_

# Affidavit

I, Zachary Ferster, being duly sworn, depose and state the following:

## I. Introduction

1. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice. As such, I am a "federal law enforcement officer" as defined in Federal Rule of Criminal Procedure 41(a)(2)(C).

2. I have been a DEA Special Agent since November 2020, and am currently assigned to the Detroit Division Office, Task Force Group 8 (TFG8). In August 2020, I started the 14-week Basic Agent Training Program for the DEA at Quantico, Virginia, which was completed in November 2020. During that time, I received training that addressed the methods by which drug traffickers possess and distribute controlled substances; the manner and means in which they conceal and launder the proceeds from the distribution of controlled substances; the manner and means in which they protect their proceeds and their controlled substances; and the manner and means by which drug traffickers attempt to avoid law enforcement detection of their activities. The controlled substances as to which this training applied included, but were not limited to, marijuana, cocaine, heroin, fentanyl and methamphetamine.

3. I make this affidavit from personal knowledge based on my participation in this investigation, including the writing and review of reports by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances describes herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the details or facts related to this investigation.

**Background**

4. I, along with other law enforcement personnel, have developed probable cause that on or around July 6, 2022 Ronald GATTRELL possessed with intent to distribute controlled substances, including methamphetamine, cocaine and fentanyl in violation of Title 21, United States Code, Sections 841(a)(1).

5. On the morning of July 6, 2022, TFG8, with the assistance of Warren Police Department (WPD) set up surveillance in the Home Depot parking lot located at 25879 Hoover Road, Warren, Michigan.

6. At approximately 11:58 a.m., the surveillance team observed a silver Chrysler 300 bearing California (CA) registration 8WIE921 enter the Home

Depot parking lot, from Engleman Road. A law enforcement database query of CA registration 8WIE921, revealed a 2021 Chrysler 300 registered to PV Holding Corp. (Avis Rental Car Company). Based on my training and experience, your affiant knows that narcotics traffickers routinely use rental vehicles when conducting narcotics transactions as a way to try and conceal their true identity. The vehicle was observed to have the driver as the sole occupant in the vehicle, (the driver was later determined to be Ronald GATTRELL).

7. Continuous surveillance was maintained on the Chrysler 300 as it traveled up and down the rows in the Home Depot parking lot. The surveillance team observed the Chrysler 300 park in a parking spot and then a few minutes later locate to another parking spot. At approximately 12:08 p.m., GATTRELL was observed exiting the vehicle, walking around the parking lot, possibly looking into parked vehicles. GATTRELL was then observed getting back into the driver seat of the Chrysler 300, using his cellular telephone.

8. At approximately 12:26 p.m., after GATTRELL had been observed in the parking lot for approximately 25 minutes acting suspiciously, Warren Police enlisted a marked unit to approach the vehicle to ask GATTRELL what he was doing. The responding officer got out of the marked unit and started to

       approach the Chrysler 300 with GATTRELL in the driver's seat. GATTRELL then began to drive away from the officer as the officer commanded GATTRELL to stop the vehicle. A second marked unit that responded activated the lights on the marked police vehicle and GATTRELL once again failed to stop the vehicle. The marked units then began to follow the Chrysler with activated lights in the parking lot of the Home Depot.

9. Unmarked surveillance units then attempted to contain GATTRELL's Chrysler in the Home Depot but GATTRELL was able to avoid the containment and hit an unmarked unit part of the surveillance team. GATTRELL's vehicle still failed to stop to the lights and sirens of the marked units and fled the area, first south on Hoover Road before turning north and getting onto I-696 West.

10. Continuous mobile surveillance of GATTRELL's Chrysler was maintained. In the area of I-696 West and Mound Road overpass, members of the surveillance team observed GATTRELL throw something out of the window of the Chrysler. Warren Police officers later recovered the item, 53.6 gross grams of suspected methamphetamine, which later tested positive for the presence of methamphetamine.

11. After a 45-minute pursuit with activated lights and sirens, at approximately 1:09 p.m., near mile marker 145.8, officers stopped the Chrysler with stop

sticks. Warren Police deployed a canine officer around the Chrysler. The canine alerted for the presence of a narcotics odor emitting from the vehicle. Subsequent to the positive alert, officers searched the vehicle and discovered a pink rolling luggage bag in the trunk of the Chrysler. Inside of the pink luggage bag TFG8 agents/officers discovered forty (40) individually wrapped bags of suspected methamphetamine (the methamphetamine later tested positive for the presence of methamphetamine). At that time, the pink luggage bag was seized and GATTRELL was arrested and detained.

12. During an inventory search of the Chrysler, an additional kilogram of suspected cocaine and suspected fentanyl was recovered behind the rear seats of the vehicle. At that time, the additional kilograms were seized by TFG8.

13. Based on my training and experience, I am aware that the packaging and quantity of narcotics seized are for distribution and not just personal use. The total weight of the narcotics seized was approximately 24.7 gross kilograms, which is consistent with narcotics distribution.

14. A review of Ronald GATTRELL's criminal history shows felony convictions for: Burglary First Degree in 1994, San Diego, California; Possession of a Controlled Substance in 1999, San Diego, California; Stalking in 2015 in San Diego, California.

## Conclusion

15. Based on the facts established throughout this affidavit, probable cause exits to believe that Ronald GATTRELL did knowingly possess with the intent to distribute controlled substances including methamphetamine, cocaine and fentanyl in violation of 21 U.S.C section 841(a)(1).

I declare under penalty of perjury the foregoing to be true and correct to the best of my knowledge and belief.

Respectfully submitted,

_____
Zack Ferster, Special Agent
Drug Enforcement Administration

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Hon. Kimberly G. Altman
UNITED STATES MAGISTRATE JUDGE

Dated: July 7, 2022